**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HASAN GOODEN-REID,** : | |
| : | |
| **Petitioner,** : | |
| : | **Civil No. 1:19-CV-1120** |
| v. : | |
| : | **Judge Sylvia H. Rambo** |
| **BARRY SMITH,** *et al.*, : | |
| : | |
| **Respondents.** : | |

# M E M O R A N D U M

On June 27, 2019, Hasan Gooden-Reid, an individual presently housed at the Houtzdale State Correctional Institution (SCI-Houtzdale), in Houtzdale, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He seeks to challenge his 2016 Lycoming County Court of Common Pleas, Pennsylvania conviction and sentence. He has filed a Memorandum in support of his Petition. (Doc. 10.) Simultaneous to the filing of his Petition, Mr. Gooden-Reid filed a motion requesting the Court to grant Jules Jette, a fellow SCI-Houtzdale inmate, "next friend standing" due to his history of

mental illness. (Doc. 2.) Mr. Gooden-Reid signed the Petition, Memorandum and "next friend" motion.[1] (Docs. 1, 2 and 10.)

For the following reasons, the Court will deny Mr. Gooden-Reid's motion to grant Jules Jette next friend standing on his behalf.

## I.    Relevant Background

Following complaints of a foul odor and flies coming from Mr. Gooden-Reid's apartment, the Lycoming County Housing Authority decided to fumigate it. The Housing Authority told Mr. Gooden-Reid to vacate his apartment on July 27, 2015 for that purpose. When workers arrived at the apartment, they found a sludge like material on the walls and throughout the apartment. During the cleaning process, workers discovered a jawbone and then the putrefying body of Mr. Gooden-Reid's girlfriend in the apartment complex's trash. The Housing Authority workers immediately contacted the police.

Mr. Gooden-Reid told police he stabbed his girlfriend four times in the back after a heated July 7, 2015-fight. He disposed of all the evidence from the altercation in the housing complex's trash. He then concealed his girlfriend's decomposing body in his closet for three weeks before placing her in the trash.

---

[1] *See* 28 U.S.C. 2242 ("Applications for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf."

2

*Commonwealth v. Gooden-Reid*, No. 1650 MDA 2017, 2018 WL 3850123, *1 (Pa. Super. Aug. 14, 2018).

After the trial court found Mr. Gooden-Reid incompetent to stand trial, he was admitted to the Torrance State Hospital Regional Forensic Psychiatric Center pursuant to 50 P.S. § 7402(a). (Doc. 1 at 19 – 20.) At some point Mr. Gooden-Reid's competency was restored. On June 9, 2016, Mr. Gooden-Reid entered a negotiated guilty plea to third-degree murder, abuse of corpse, criminal mischief, possession of an instrument of crime (weapon), obstruction of the administration of law or law enforcement, tampering with or fabricating physical evidence, and recklessly endangering another person in the Court of Common Pleas of Lycoming County, Pennsylvania. *See Commonwealth v. Gooden-Reid*, CP-41-CR-00590-2016 (Lycoming Cty. Ct. Com. Pls).[2] He received an aggregate sentence of thirty to sixty years' incarceration. *See Commonwealth v. Gooden-Reid*, No. 1650 MDA 2017, 2018 WL 3850123, *1 (Pa. Super. Aug. 14, 2018).

Mr. Gooden-Reid did not file a direct appeal. (Doc. 1 at 2.) On February 2, 2017, he filed a *pro se* petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. §§ 9541 - 9546. The Court

---

[2] The Court takes judicial notice of the electronic docket sheet in Mr. Gooden-Reid's criminal matter which is available via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us (last visited Apr. 9, 2020).

appointed Mr. Gooden-Reid counsel who filed a *Turner/Finley*[3] letter after finding no meritorious issues existed and a petition to withdraw. *Gooden-Reid*, 2018 WL 3850123 at *1. "The PCRA court granted PCRA counsel's petition on September 1, 2017, simultaneously issued its Rule 907 notice of intent to dismiss [his] petition. [He] filed a response to the Rule 907 notice on September 20, 2017. On September 22, 2017, the PCRA issued a joint order dismissing [Mr. Gooden-Reid's] PCRA petition and memorandum addressing the merits of the claims raised." (*Id.*) He filed an appeal with the Pennsylvania Superior Court on October 24, 2017 raising several ineffective assistance of his plea counsel. (*Id.*) On August 14, 2018, the Superior Court of Pennsylvania affirmed the PCRA court's order denying Mr. Gooden-Reid post-conviction relief. (*Id.*)

Mr. Gooden-Reid filed his petition for writ of habeas corpus on June 27, 2019. (Doc. 1 at 14.) Mr. Gooden-Reid claims that his "ongoing psychological conditions deny meaningful understanding principles of law and comprehension even with the Court's liberal standards for pro se petitioners" and asks that Jules Jette, a law library clerk who assisted Petitioner throughout his state court post-conviction proceedings, "include[ing] correspondence with counsel," be permitted to proceed on his behalf. (Doc. 2.) Mr. Gooden-Reid claims he continues to suffer

---

[3] *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988) (en banc).

4

from paranoid schizophrenia and is bipolar. (Doc. 10 at 14.) Although a non-lawyer, Mr. Jette "has significant understanding of 28 U.S.C. § 2254 … and will proceed in an orderly, professional manner while assuming responsibility on Petitioner Gooden-Reid's behalf." (Doc. 2 at 3.)

Mr. Gooden-Reid, who participates in educational programming at SCI-Houtzdale, seeks leave to proceed *in forma pauperis*. (Docs. 5 and 8.)

### III. Discussion

In *Whitmore v. Arkansas*, 495 U.S. 149, 162, 110 S.Ct. 1717, 1726, 109 L.Ed.2d 1359 (1990), the Supreme Court noted that next friend standing "has long been an accepted basis for jurisdiction in certain circumstances," and has most often been invoked "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." The Court stated that "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163, 110 S.Ct. at 1727. The would-be next friend must first prove that the real party in interest cannot pursue his own cause due to some disability such as mental incompetence or lack of access to court. *Id.* at 163-65, 110 S.Ct. at 1727-28. Then, the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest. *Id.* at 163-

5

64, 110 S.Ct. at 1727. Ultimately, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164, 110 S.Ct. at 1727.

At the moment both Mr. Gooden-Reid and Mr. Jette reside at SCI-Houtzdale. However, this may not always be the case. Additionally, simply because Mr. Jette serves as a law library clerk does not necessarily establish that he is "truly dedicated" to Mr. Gooden-Reid's best interests. Nonetheless, assuming *arguendo*, that Mr. Jette has a significant relationship with and a true dedication to the best interests of Mr. Gooden-Reid, there is no evidence before the Court to demonstrate Mr. Gooden-Reid cannot prosecute this action on his own behalf. Glaringly absent from the record is any verifiable evidence from a mental health professional that Mr. Gooden-Reid is being treated for mental illness of the type that would render him incompetent. *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012). While Mr. Gooden-Reid's pre-conviction temporary incompetency is known, he was competent prior to his plea. Mr. Gooden-Reid's present mental status is undocumented. To this point, the record indicates that Mr. Gooden-Reid is mentally sound enough to exist in a general population special needs unit and participate in educational programming at the prison. (Doc. 5 at 3.) He is aware of the facts of his case enough to relate, and then verify, the information contained in his filings. Aside from vague assertions of mental impairment, the record before

6

the Court does not provide adequate explanation for why Mr. Gooden-Reid could not file these motions on his own behalf, even if he received the informal assistance of Mr. Jette. Accordingly, Mr. Gooden-Reid's motion to grant Jules Jette next friend standing to pursue this habeas matter on his behalf will be denied.[4]

An appropriate Order follows.

DATED: April 9, 2020

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

---

[4] As Mr. Gooden-Reid has signed his Petition and supporting memorandum, the Court will accept them as properly filed.